# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0194V
### **CORRECTED**

|  |  |
|---|---|
| GLORIA CAULFIELD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2024 |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On January 7, 2021, Gloria Caulfield filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of a tetanus vaccination she received on January 6, 2020. Petition, ECF No. 1. On April 11, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $29,908.29 (representing $28,141.70 in fees plus $1,766.59 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Oct. 10, 2023, ECF No. 38. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Oct. 11, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 39. Petitioner filed a reply on Oct. 12, 2023, reiterating her request as indicated in the Motion. ECF No. 40.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for the attorneys and paralegals who performed work in this matter are consistent with prior determinations, and will therefore be awarded herein, except for the hourly rates requested by attorney Kate Coleman.

Ms. Coleman was previously awarded the rate of $400 per hour for time billed in 2020, and $415 per hour for time billed in 2021, less than what is being requested herein. *See Stoliker* v. *Sec'y of Health & Hum. Servs*., No. 17-990V, 2021 WL 1605960 (Fed. Cl. Spec. Mstr. Mar 24, 2021). I find no reason to deviate from these previously-established rates. Accordingly, I reduce Ms. Coleman's rates to be consistent with *Stoliker*. This results in a reduction of attorney's fees to be awarded of **$126.50**.[3]

## ATTORNEY COSTS

Petitioner requests $1,766.59 in overall costs. ECF No. 38-2. This amount is comprised of obtaining medical records, shipping costs, expert fees, and the court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,781.79 (representing $28,015.20 in fees plus $1,766.59 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah V. Durant.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

---

[3] This amount consists of: ($425 - $400 = $25 x 2.50 hrs.) + ($435 - $415 = $20 x 3.20 hrs.) = $126.50
[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master